UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELDERHOSTEL, INC., d/b/a ROAD SCHOLAR, Plaintiff, v. CRYSTAL CRUISES, LLC, Defendant. | C.A. Docket No.: **VERIFIED COMPLAINT** |

This action arises from the failure and refusal of defendant Crystal Cruises, LLC to return deposits paid by plaintiff Elderhostel, Inc., d/b/a Road Scholar.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1332.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) which state that a civil action may be brought in a judicial district in which any defendant resides and that, for purposes of venue, any defendant entity with the capacity to sue and be sued in its common name under applicable law shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. Here, plaintiff Elderhostel, Inc., is a Massachusetts nonprofit corporation, and defendant Crystal Cruises, LLC, is a California limited liability company registered to do business in Massachusetts.

## PARTIES

3. Plaintiff, Elderhostel, Inc., is a Massachusetts nonprofit corporation with a principal place of business at 11 Avenue De Lafayette, Boston, Massachusetts 02111.

4. Defendant, Crystal Cruises, LLC, is a California limited liability company with a principal place of business at 1501 Biscayne Boulevard, Suite 501, Miami, Florida 33132.

## FACTS

5. On or about March 16, 2018, Elderhostel, Inc., d/b/a Road Scholar ("RS") and Crystal Cruises, LLC ("Crystal") entered into a Group Contract by which RS booked passenger rooms on a vessel operated by Crystal for a cruise beginning on November 20, 2018 and ending December 6, 2018 (the "Group Contract"). A true and accurate copy of the Group Contract, which is incorporated herein by reference, is filed herewith as Exhibit 1.

6. The Group Contract includes a choice of law provision stating that California law shall apply.

7. To reserve the passenger rooms pursuant to the Group Contract, RS paid Crystal a deposit totaling $78,218.00 (the "Group Contract Deposit").

8. Crystal canceled the cruise contemplated by the Group Contract due to river conditions. A true and accurate copy of the cancellation e-mail from Crystal, which is incorporated herein by reference, is filed herewith as Exhibit 2.

9. Pursuant to Sections 5 and 11 of the Group Contract, Crystal was obligated to fully refund RS for its cancellation of the cruise.

10. Initially, Crystal failed to refund any of the deposit to RS. Then, over a period of many months, Crystal slowly refunded $17,727.00 of the Group Contract Deposit, leaving a balance currently due of $60,491.00.

11. On or about July 12, 2019, RS and Crystal entered into a River Ship Accommodations Hire Agreement by which RS chartered a vessel operated by Crystal for a cruise beginning on September 23, 2020, and ending October 3, 2020 (the "River Ship Contract"). A

true and accurate copy of the River Ship Contract, which is incorporated herein by reference, is filed herewith as Exhibit 3.

12. The River Ship Contract includes a choice of law provision stating that Florida law shall apply.

13. To reserve the charter pursuant to the River Ship Contract, RS paid Crystal a deposit totaling $459,000.00 (the "River Ship Contract Deposit").

14. Crystal informed RS by a letter dated July 7, 2020 (the "Letter") that the River Ship Contract was cancelled. A true and accurate copy of the Letter, which is incorporated herein by reference, is filed herewith as Exhibit 4.

15. Pursuant to Section 18 of the River Ship Contract, Crystal was obligated to fully refund RS for its cancellation of the cruise.

16. The parties, however, agreed that Crystal would retain a portion of the River Ship Contract and apply it to a future charter.

17. Specifically, in the Letter, Crystal stated that it would retain and apply $88,920.00 of the River Ship Contract Deposit as a 25% deposit toward a future charter. Additionally, Crystal stated that upon the parties' agreement of the future charter, Crystal would return the balance of $370,080.00 to RS within 90 to 120 days.

18. On or about September 15, 2020, RS and Crystal entered into a Group Sales Policy (the "Sales Policy Contract") by which RS would charter a vessel operated by Crystal for a cruise beginning on September 23, 2021, and ending October 3, 2021 (the "Sales Policy Contract").[1] A

[1] Via e-mail dated September 15, 2020, Crystal informed RS that it no longer utilized long-form contracts, and that the Group Sales Policy effectively acted as a contract between the parties. A true and accurate copy of this e-mail correspondence, which is incorporated herein by reference, is filed herewith as Exhibit 5.

true and accurate copy of the Sales Policy Contract, which is incorporated herein by reference, is filed herewith as Exhibit 6.

19. RS applied the Sales Policy Contract Deposit of $88,920.00 to reserve the Sales Policy Contract charter in accordance with Crystal's July 7, 2020, Letter.

20. RS cancelled the Sales Policy Contract due to the COVID-19 pandemic, which was acknowledged and accepted by Crystal on April 16, 2021, in an e-mail exchange between RS and Crystal from April 14, 2021, through April 16, 2021. In the e-mail exchange, Crystal stated that it had not applied the Sales Policy Contract Deposit of $88,920.00 to the Sales Policy Contract. A true and accurate copy of this e-mail exchange, which is incorporated herein by reference, is filed herewith as Exhibit 7.

21. Crystal has failed and refused to refund the $459,000.00 River Ship Contract Deposit.

22. RS has made repeated demands upon Crystal for the return of the Group Contract Deposit and the River Ship Contract Deposit (collectively, the "Deposits") to no avail.

23. As of the date of this Complaint, Crystal has improperly and unlawfully retained deposits of $60,491.00 and $459,000.00.

24. As of the date of this Complaint, Crystal owes RS a total of Five Hundred Nineteen Thousand Four Hundred Ninety-One Dollars and 00/100 ($519,491.00).

25. Pursuant to Section 8 of the Group Contract and Section 32 of the River Ship Contract, the prevailing party in a lawsuit arising out of the Group Contract and/or the River Ship Contract shall recover all costs of litigation, including attorneys' fees.

**COUNT I**
**(Breach of Contract)**

26. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1-25 hereof.

27. The Group Contract, the River Ship Contract, and the Sales Policy Contract (collectively, the "Contracts"), constitute contracts between the plaintiff and the defendant.

28. The defendant has breached its obligations under the Contracts by failing to return the Deposits.

29. As a result of the defendant's breach of their contractual obligations, the plaintiff is entitled to return of the Deposits and to its attorneys' fees and costs.

**COUNT II**
**(Conversion)**

30. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1-29 hereof.

31. The plaintiff is the owner of the Deposits and is entitled to the return thereof.

32. The plaintiff delivered the Deposits to the defendant solely for the purpose of reserving its charters pursuant to the Contracts.

33. The defendant has failed and refused to return the Deposits despite cancelling the cruises contemplated by the Contracts.

34. The plaintiff has been damaged by its loss of the Deposits.

**COUNT III**
**(Unjust Enrichment)**

35. The plaintiff repeats and incorporates herein by reference the allegations set forth in paragraphs 1-34 hereof.

36. The plaintiff paid the Deposits to the defendant totaling $519,491.00.

37. The defendant has failed and refused to return the Deposits despite cancelling the Contracts.

38. It would be inequitable and unjust for the defendant to retain the Deposits to the detriment of the plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that this Court grant him the following relief:

A. That judgment be entered for the plaintiff on its claims against the defendant for the sum of Five Hundred Nineteen Thousand Four Hundred Ninety-One Dollars and 00/100 ($519,491.00), attorneys' fees, and costs.

B. That the Court grant the plaintiff such other and further relief as it considers just and proper.

**VERIFICATION / AFFIDAVIT**

I, Lowell Partridge, Assistant Treasurer and Chief Financial Officer of the plaintiff Elderhostel, Inc., being duly sworn hereby depose and say:

I have read the foregoing Verified Complaint and hereby attest that its contents are true and correct and that no material facts have been omitted. I make this affidavit based upon my personal knowledge, except with respect to matters stated to be upon information and belief, or statements obviously made upon information and belief such as recitation of historical events. To the best of my knowledge, information, and belief, those matters are also true and correct.

Signed under the pains and penalties of perjury this 25th day of February 2022.

Lowell Partridge
Elderhostel, Inc.
By: Lowell Partridge

Respectfully submitted,

ELDERHOSTEL, INC.

By its attorneys,

/s/ Timothy N. Schofield

Timothy N. Schofield (BBO #645179)
Shain P. Roche (BBO # 707662)
SCHOFIELD LAW GROUP, LLC
20 Park Plaza, Suite 1115
Boston, Massachusetts 02116
617-557-4545
tim@schofieldlg.com
shain@schofieldlg.com

Dated: February 25, 2022